IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| United States of America, | : | |
| | : | **Case No. 1:19-CR-076-LMM-CCB** |
| | : | |
| v. | : | |
| | : | |
| Martin Maldonado, | : | |
| *Defendant*. | : | |
| | : | |

## DEFENDANT'S SENTENCING MEMORANDUM

Defendant Martin Maldonado, through undersigned counsel, files this memorandum in anticipation of his sentencing, presently scheduled for January 14, 2022, before this Honorable Court.

**I. Procedural History, Factual Background, and PSR Objections**

Defendant acknowledges the procedural history and factual background provided by the Government in its sentencing memorandum (Doc. 1064), drawn largely from the Presentence Investigation Report ("PSR"), and, therefore, does not restate the same here. Additionally, Defendant lodges no objections to the PSR; he entered a guilty plea and takes full responsibility for his actions.

Instead, below, Defendant largely focuses on the facts related to his already-served pretrial detention, which warrant a downward variance or departure given what he has had to endure for the past 2 years and eight months.

1

## II. Sentencing Considerations

*Pretrial Detention*

Even defendants who qualify as the worst of the worst—i.e., individuals that do horrible things to children—cannot be subjected to inhumane confinement conditions. At United States Penitentiary in Atlanta, Georgia ("Atlanta USP"), Defendant's home for the past nearly 3 years, the conditions have become nationally known. The information revealed in recent news, such as in Forbes Magazine[1] on December 31, 2021, however, does not begin to accurately reflect the horrors of the facility.

Inmates are dying. If not by suicide—of which there have been an absurdly high number due to the conditions and negligent supervision—inmates are succumbing to fatal illness, likely due to known but unaddressed contaminants (arsenic[2]) in the drinking water. Only as it relates to this Defendant, both his long-time cellmate and an individual associated with this case are facing life-threatening kidney disease from their exposure at Atlanta USP.

---

[1] *A Review of the Federal Prison in Atlanta Shows an Agency in Crisis,* Forbes Magazine, December 31, 2021, available at https://www.forbes.com/sites/walterpavlo/2021/12/31/a-review-of-the-federal-prison-in-atlanta-shows-an-agency-in-crisis/?sh=415273f01138.

[2] *Elevated Levels of Arsenic Found at Federal Penitentiary in Atlanta,* 11 Alive News, February 7, 2019, https://www.11alive.com/, article/news/elevated-levels-of-arsenic-found-at-federal-penitentiary-in-atlanta/85-ecf4c149-a800-4295-a1b1-6ea8d56bf3af.

One need to only walk into and through the facility to see the dilapidation. Having been to nearly every state and federal facility in Georgia over the past decade, Atlanta USP is so wildly inferior—standing water on the floors surrounding makeshift buckets everywhere trying (and failing) to collect water from ceilings that are crumbling—that it feels like a movie set designer has gone too far in creating a prison for a zombie horror film. It is reality, however, and, confoundingly, we do keep human beings like Defendant in these conditions for years.

Defendant has suffered deficiency in virtually every human necessity. Toilets do not properly function in cells, leaving feces and urine to remain in the inmates very small living space. Showers, which inmates can only visit on limited occasions, regularly do not function at all. Food is sparse and left in the remarkably unsanitary conditions. Water, since the arsenic finding, is very difficult to come by. Inmates are forced to be inside and rarely are permitted fresh air.

Regarding this last point, it is important to remember that much of Defendant's detention has occurred during the COVID-19 pandemic, where distancing and sanitation should have been paramount. At Atlanta USP, it was not. This is likely why, despite being vaccinated at the first possible occasion, Defendant contracted COVID-19 and suffered severe illness, including extreme difficulty breathing. He was, not surprisingly, afforded no medical treatment.

District courts have the authority to consider the conditions of presentence confinement to support a downward variance or departure in sentencing—an acknowledgement that the guidelines could not legally factor into (and, thus, condone) such treatment. *See United States v. Pressley*, 345 F. 3d 1205, 1212-13 (11th Cir. 2003). In fact, there are multiple instances from recent cases in this district where the court has acknowledged the conditions at Atlanta USP and favorably applied these facts to the sentence.

In this case, Defendant simply requests that he be awarded a downward departure based on the pretrial confinement conditions and that he be given credit, pursuant to § 5G1.3(c) and (d), for the time he spent in pretrial confinement.

*Facility Location*

Defendant requests that he be placed in a facility in California or Texas so he can be close to his family.

Respectfully submitted, this January 7, 2022.

                                             Respectfully submitted,

                                             /s/ *Stephen M. Reba*
                                             STEPHEN M. REBA
                                             Georgia Bar No. 532158
                                             *Counsel for Defendant*

P.O. Box 1046
Decatur, Georgia 30031
(404) 850-7949 (phone)
(404) 935-5305 (fax)
smr@rebalaw.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| United States of America, | : |
| | :    **Case No. 1:19-CR-00076** |
| | : |
| v. | : |
| | : |
| Martin Maldonado, | : |
|       *Defendant.* | : |

## **CERTIFICATE OF SERVICE/TYPEFACE**

This is to certify that I have served a copy of the within and foregoing *Defendant's Sentencing Memorandum* on the U.S. Attorney's Office, through this Court's electronic filing system, which generates an email with said copy attached in electronic form. I further certify that the foregoing document was formatted in Times New Roman 14 pt., in accordance with Local Rule 5.1C.

This 7th day of January, 2022.

                                      /s/ *Stephen M. Reba*
                                      STEPHEN M. REBA
                                      Georgia Bar No. 532158
                                      *Counsel for Defendant*

P.O. Box 1046
Decatur, Georgia 30031
(404) 850-7949 (phone)
(404) 935-5305 (fax)
smr@rebalaw.com